UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FenF, LLC,**

        **Plaintiff,**                        **CIVIL ACTION NO. 10-14351**

    **vs.**

                                      **DISTRICT JUDGE DENISE PAGE HOOD**

**TAYLOR GIFTS, INC.,**                **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendant.**
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**(DOCKET NO. 23)**

This matter comes before the Court on Plaintiff's Motion to Compel Discovery. (Docket no. 23). Defendant filed a response. (Docket no. 29). Plaintiff filed a reply. (Docket no. 34). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 44). The motion was referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 27). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

Plaintiff served Defendant with its First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions on January 28, 2011. Defendant served objections and produced responsive documents on March 2 and April 8, 2011. The Joint Statement reveals that the parties have been unable to resolve their dispute with regard to Interrogatories nos. 6, 7, and 16-18, Requests for Production nos. 1-4, 7-19, 21, 22, 32-68, 73-81, 83, and 85-86, and Requests for Admission no. 24.

**Interrogatories Nos. 6, 7, and 16-18**

Interrogatory no. 6: Identify all of Defendants' affiliates' and subsidiaries' websites/URL's that have ever sold or offered for sale a Flexible Yoga Toes product at any time. Plaintiff maintains that Defendant failed to identify the Get Organized! Website, Amazon.com, and eBay. Defendant argues that Amazon.com and eBay are not its affiliates or subsidiaries, and claims that Plaintiff is already aware of the Get Organized! website. However, Defendant has agreed to supplement its response as necessary. The Court will order Defendant to supplement its response to Interrogatory no. 6 by August 29, 2011 or indicate in writing by that date that no additional response is necessary.

Interrogatory no. 7: Identify the manufacturer(s) of the Flexible Yoga Toes product from the first date of manufacture to the present. Defendant objects on the grounds of relevance. The Court will grant Plaintiff's motion and will order Defendant to fully respond to this interrogatory by August 29, 2011.

Interrogatory no. 16: Identify all products Defendant believes are similar to and/or are a substitute for the Yoga Toes product. The Court will deny Plaintiff's motion to compel further response to this interrogatory on the grounds that the interrogatory is overbroad in time and scope.

Interrogatory no. 17: Identify the author of Defendant's webpage shown in Exhibit C of Plaintiff's complaint and identify all website developers of all of Defendant's URLS. The Court will order Defendant to identify the author of Defendant's webpage shown in Exhibit C of Plaintiff's complaint. Because the portion of the request asking Defendant to identify all website developers of all of Defendant's URLS is overbroad, Defendant is not required to provide further response to that portion of the request.

Interrogatory no. 18: Identify where the design of the Flexible Yoga Toes product originated from (author, designer, date, etc). The Court will order Defendant to respond in full to this

interrogatory.

**Requests for Production of Documents Nos. 1-4, 7-19, 21, 22, 32-68, 73-81, 83, and 85-86**

Document Request no. 1: All documents, things, and electronically stored information that Defendant believes give them the right to make, use, import and/or sell the Flexible Yoga Toes product in the past or into the future. Defendant asserts a number of general boilerplate objections and makes a specific objection as to relevance. The Court strongly condemns the filing of boilerplate objections to discovery requests. *See Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, No. 05-CV-74594, 2007 WL 4098727, at *1 (E.D. Mich. Nov. 16, 2007) (citations omitted). The Court will order Defendant to produce documents it has within its possession, custody, or control that are responsive to Document Request no. 1.

Document Request no. 2: All documents, things, and electronically stored information of legal opinions regarding the making, using, selling, offering for sale and/or importing of the Flexible Yoga Toes product and all of its variations/incarnations/models past or present. The Court will order Defendant to produce documents it has within its possession, custody, or control that are responsive to Document Request no. 2.

Document Request no. 3: All documents, things, and electronically stored information of legal opinions regarding the use of the marks Yoga Toes, YogaToes, and/or Flexible Yoga Toes. Defendant argues that this request seeks information not within its possession, custody, or control, and requests information protected from disclosure by the attorney-client privilege or work product doctrine. Defendant has not submitted a privilege log. The practice of listing possible privileges and failing to submit a privilege log is not proper. *See* Fed.R.Civ.P. 26(b)(5). The Court has reviewed Defendant's objections and will order Defendant to produce documents responsive to

3

Document Request no. 3. Each document to which a privilege is claimed must be listed and described in a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

Document Request no. 4: All documents, things, and electronically stored information of legal opinions regarding the Yoga Toes and YogaToes product. Defendant will be ordered to produce documents responsive to Document Request no. 4 and list on a privilege log any document to which it claims a privilege attaches.

Document Requests nos. 7, 8, and 9 request all documents, things, and electronically stored information regarding consumer feedback (opinions, responses, etc.) of Flexible Yoga Toes and Yoga Toes, and all information providing an opinion or review of the Flexible Yoga Toes product by third parties. The Court denies the motion as to these requests on the grounds of relevance and because Defendant claims to have produced all responsive documents in its control.

Document Requests nos. 10, 11, 12 request all documents, things, and electronically stored information relating to the designer, manufacturer, and/or importer of the Flexible Yoga Toes product; relating to the designing, manufacturing, purchasing, selling, and/or importing of the Flexible Yoga Toes product; and relating to communications between Defendant and any and all manufacturers of the Flexible Yoga Toes product. Defendant contends that it has produced documents responsive to these requests, but does not indicate whether all documents within its possession, custody, or control were produced. (Docket no. 44). The Court will order Defendant to produce all documents responsive to Document Requests nos. 10-12 that are within its possession, custody, or control or state in writing that all such documents have been produced.

Document Requests nos. 13, 14, 15 request all documents, things and electronically stored

information identifying each and every distributor and/or sales entity that purchases or has purchased the Flexible Yoga Toes product from Defendant for resale; identifying each and every sale and/or offer for sale of Defendant's Flexible Yoga Toes product; and evidencing (invoices, receipts, etc.) to whom each and every sale of the Flexible Yoga Toes product were made. Plaintiff argues that Defendant produced a spreadsheet containing the quantity, cost, revenue, and gross profits, but failed to produce underlying documents, including invoices, purchase orders, sales receipts, shipping invoices, etc. Defendant objects to these requests on the grounds that they are overly broad, unduly burdensome, and seek information not within their possession, custody, or control. Defendant further contends that it has produced documents responsive to these requests, but claims that it does not have receipts, invoices, etc. as they are shipped to the purchaser. The Court denies Plaintiff's request to compel further responses to these document requests on the grounds that the requests are overly broad and unduly burdensome.

Document Requests nos. 16 and 17 seek all documents, things and electronically stored information evidencing the monthly and total number of sales of all Flexible Yoga Toes products. Document Requests nos. 18 and 19 request all documents, things and electronically stored information evidencing sales of Flexible Yoga Toes products inside and outside the United States. The Court will order Defendant to produce all documents it has within its possession, custody, or control that are responsive to Document Requests 16-19. If, after reasonable effort, Defendant determines that it does not have documents responsive to these requests, including invoices, purchase orders, sales receipts, etc., that have not already been produced, it must provide Plaintiff with a sworn statement that says as much.

Document Request no. 21: All documents, things and electronically stored information

regarding manufacturing of the Flexible Yoga Toes product. The Court will order Defendant to produce all documents responsive to Document Request no. 21 that are within its possession, custody, or control or state in writing that all such documents have been produced.

Document Request no. 22: All documents, things and electronically stored information of purchase orders/invoices/documents for the Flexible Yoga Toes product. This request seek similar information as does Requests nos. 16-19. The Court will deny this request as duplicative as it pertains to purchase orders and invoices. That portion of the request seeking documents for the Flexible Yoga Toes product is denied as vague.

Document Request no. 32: All documents, things and electronically stored information evidencing Paypal payments made to purchase the Flexible Yoga Toes product on eBay. Defendant contends that it has produced all responsive documents. The Court will deny this request.

Document Requests no. 33: All documents, things and electronically stored information listing all websites and/or URL's (uniform resource locators) owned by Defendant. The Court will deny this request as over broad.

Document Requests nos. 34-37 request documents related to Google Adwords, specifically documents related to click throughs searching for "Yoga Toes," "YogaToes," or "Flexible Yoga Toes," conversion rates, and cost per conversion related to the Flexible Yoga Toes product. Plaintiff contends that Defendant produced an incomplete spreadsheet of its Google Adword information. Defendant argues that it has produced all responsive documents in its possession, custody, or control. The Court will order Defendant to supplement its responses to these requests by producing all responsive documents within its possession, custody, or control that have not already been produced. If all responsive documents have been produced Defendant should state as much in its

response.

Document Requests nos. 38 and 39 request all documents, things and electronically stored information regarding "click throughs" from any website to Defendant's Flexible Yoga Toes product or to any of Defendant's websites where the word "Yoga" appeared on Defendant's websites. These requests are denied as over broad.

Document Requests nos. 40, 41, and 42 request all documents, things and electronically stored information regarding internet storefronts Defendant utilizes; regarding Defendant's purchasing of keywords used to sell the Flexible Yoga Toes product; and regarding Defendant's purchasing/bidding of keywords used to advertise the Flexible Yoga Toes product. These requests are denied as overly broad and unduly burdensome.

Document Request no. 43 requests all documents, things and electronically stored information evidencing costs associated with keyword advertising for the Flexible Yoga Toes product. This request is denied as irrelevant, overly broad, and unduly burdensome.

Document Requests nos. 44, 45, 46, and 47 request all documents, things and electronically stored information evidencing all keywords Defendant has purchased/bid on from any internet website; all money spent by Defendant for keyword advertising; all money spent by Defendant's for keyword advertising of the word "yoga;" and all money spent by Defendant's for keyword advertising for the words "yoga" and "toes." These requests are denied as overly broad and unduly burdensome.

Document Requests nos. 48 and 49 seek all documents, things and electronically stored information evidencing all money spent by Defendant's for keyword advertising for the words "yoga toes" and "YogaToes." The Court will order Defendant to supplement its responses to these

requests by producing all responsive documents within its possession, custody, or control that have not already been produced. If all responsive documents within Defendant's possession, custody, or control have been produced Defendant should state as much in its response.

Document Requests nos. 50, 51, 52, 53, 54, 55, 56, 57, and 58 seek all documents, things and electronically stored information regarding all money spent by Defendant, per month, for keyword advertising; information regarding impressions from all search engines Defendant advertises upon detailed by keyword and search engine; information evidencing percentage of conversions from internet "click throughs;" reports regarding internet sales conversions; information regarding internet "costs per click;" information regarding internet advertising, sales and shipping reports; information regarding internet advertising return on investment (ROI); and information regarding agreements or contracts with all internet search engines. The Court will deny these requests as irrelevant, overly broad, and unduly burdensome.

Document Requests nos. 59 and 60 ask Defendant to produce documents identifying all of Defendant's Affiliates and their URL's. The Court will order Defendant to produce responsive documents to these requests by August 29, 2011.

Document Request no. 61: All documents, things and electronically stored information related to agreements, contracts, shipments, invoices, purchases from, payments to, any Affiliate of Defendant. The Court will deny this request as overly broad and unduly burdensome.

Document Request no. 62: Produce representative sales listings of Defendant's Flexible Yoga Toes product on eBay from the date of first sale to the present. Defendant contends that it has produced all responsive documents. The Court will deny this request.

Document Request no. 63: All documents, things and electronically stored information

evidencing all eBay sales of Defendant's Flexible Yoga Toes product. Defendant contends that it has produced all responsive documents. Furthermore, the Court ordered Defendant to produce documents related to monthly and total number of sales of the Flexible Yoga Toe product in response to Document Requests nos. 16-19. The Court will therefore deny this request.

Document Requests nos. 64 and 65 request all documents, things and electronically stored information related to all eBay userID information (excluding passwords) under the direction or control of Defendant, and communications between Defendant and eBay regarding Plaintiff or any of its products. The Court will deny these requests as over broad.

Document Request no. 66: All documents, things and electronically stored information between Defendant and eBay regarding sales of the Flexible Yoga Toes product. Defendant contends that it has produced all responsive documents. The Court will order Defendant to supplement its response by producing all responsive documents within its possession, custody, or control that have not already been produced. If all responsive documents within Defendant's possession, custody, or control have been produced Defendant should state as much in its supplemental response.

Document Requests nos. 67 and 68 request all documents, things and electronically stored information between Defendant and Google, and between Defendant and Yahoo!/Microsoft Adcenter. The Court will deny these requests as over broad and unduly burdensome.

Document Request no. 73: All documents, things and electronically stored information regarding sales reports for the Flexible Yoga Toes product. The Court has ordered Defendant to produce all documents including electronically stored information related to the monthly and yearly sales of the Flexible Yoga Toes product in response to Requests 16-19. Request no. 73 will be

denied as duplicative.

Document Requests nos. 74 and 75 request all documents, things and electronically stored information regarding sales forecasts for the Flexible Yoga Toes product, and a representative sampling of the history of Defendant's websites advertising its Flexible Yoga Toes product. Defendant contends that it has produced all responsive documents. The Court will order Defendant to supplement its response by producing all responsive documents within its possession, custody, or control that have not already been produced. If all responsive documents within Defendant's possession, custody, or control have been produced Defendant should state as much in its supplemental responses.

Document Request no. 76: All documents, things and electronically stored information regarding the metatag (source) information for each of Defendant's websites having any of the following words incorporated therein at any time: Yoga; Yoga Toes; Yogapro; Yoga Pro; or Yogatoes. The Court will deny this request as over broad and unduly burdensome.

Document Requests nos. 77 and 78 request all documents, things and electronically stored information mentioning "Yoga Toes," "yogatoes," "Yoga Pro," and/or "yogapro" anywhere within the document. Defendant asserts that it has produced all responsive documents in its possession, custody, or control. The Court will order Defendant to supplement its responses by producing all responsive documents within its possession, custody, or control that have not already been produced. If all responsive documents within Defendant's possession, custody, or control have been produced Defendant should state as much in its supplemental responses.

Document Requests nos. 79 and 80 request all documents, things and electronically stored information related to Defendant's being accused of selling knock-off products, i.e., products that

are copies of an original product that sell for less than the original, and the name of the original product. The Court will deny these requests as irrelevant and overly broad.

Document Request no. 81: Produce a complete list of all products Defendant has sold identified by the generic name of the product. This request is denied as irrelevant and over broad.

Document Request no. 83: All documents, things and electronically stored information related to Defendant's being accused of intellectual property infringement. The request is denied as irrelevant and over broad.

Document Request no. 85: All documents, things and electronically stored information of shareholder/member meeting minutes mentioning Yoga Toes, YogaToes, and/or Flexible Yoga Toes product. The Court will order Defendant to supplement its response by producing all responsive documents within its possession, custody, or control that have not already been produced. If all responsive documents within Defendant's possession, custody, or control have been produced Defendant should state as much in its supplemental response.

Document Request no. 86: All documents, things and electronically stored information showing the corporate structure of Defendant or other documents showing the operating and management structure or organization of Defendant. Defendant will be ordered to supplement its response to this request.

**Request for Admission No. 24**

Request for Admission No. 24 asks Defendant to admit that it had knowledge of Plaintiff's YogaToes toe stretchers before any offer for sale of Defendant's Flexible Yoga Toe product. Defendant objected on the basis of relevance. The Court will order Defendant to respond to this request.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (docket no. 23) is **GRANTED IN PART AND DENIED IN PART**. On or before August 29, 2011 Defendant must provide written supplemental responses to Interrogatories nos. 6, 7, 17, and 18 as directed in this order and must fully respond to Request for Admission no. 24.

**IT IS FURTHER ORDERED** that on or before August 29, 2011 Defendant must supplement its document production in response to Document Requests nos. 1, 2, 3, 4, 10, 11, 12, 16, 17, 18, 19, 21, 34, 35, 36, 37, 48, 49, 59, 60, 66, 74, 75, 77, 78, 85, and 86 as directed.

**IT IS FURTHER ORDERED** that Plaintiff's request for sanctions is denied.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: August 3, 2011         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 3, 2011         s/ Lisa C. Bartlett
                              Case Manager