**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FENF, LLC,

       Plaintiff,

v.                                                                     Case No. 10-14351
                                                                      Honorable Denise Page Hood

TAYLOR GIFTS, LLC

       Defendant.

_____/

**ORDER REGARDING DISCOVERY**

This matter is before the Court on Defendant Taylor Gifts LLC's oral motion to compel discovery, made at the January 18, 2012 hearing. Citing an unpublished decision by Magistrate Judge Steven Whalen, Defendant requests that the Court compel Plaintiff FenF LLC to produce prior settlement negotiations regarding infringement of Plaintiff's product Yoga Toes. After considering the cases cited in the pleadings before Magistrate Judge Walen, the Court GRANTS IN PART Defendant's request to compel discovery.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The Court may compel discovery of relevant information that, although inadmissible at trial, "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Here, Defendant relies on *Delphi Automotive Systems v. Vehicle Occupant Sensing Systems*, 2011 U.S. Dist. LEXIS 42236 (Apr. 19, 2011), in its request to compel production of the settlement negotiations. In that case, Magistrate Judge Walen found that documents relating to prior settlements of infringements were relevant and compelled the defendants to produce

1

them. *Id*. at *5.[1] The plaintiff was entitled to discovery of settlement negotiations that lead to a license or that were based on a reasonable royalty had a license been negotiated. *Id*. at *3-5; see *ResQ-Net.com, Inc. v. Lansa*, 594 F.3d 860 (Fed. Cir. 2010) (finding that prior license agreements that were the result of litigation were the "most reliable" in considering a hypothetical reasonable royalty calculation); *Tyco Healthcare Group LP v. E-Z-EM, Inc.*, 2010 WL 774878 (E.D. Tex. Mar. 2, 2010) (noting that "[a] prior, related settlement agreement, where it exists, may be central to the fact-finder's determination of damages using a hypothetical negotiations analysis" and that "the parties are entitled to show whether and to what extent the rate from a prior license agreement is the result of a compromise or reflects a desire to avoid litigation").

      The Court finds that Defendant is entitled to discovery settlement negotiations that lead to the issuing of a license. Such discovery may be subject to a protective order as agreed upon by the parties.

      **IT IS SO ORDERED**.

DATED:  January 23, 2012

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

---

[1] Magistrate Whalen followed a new line of cases in the district courts distinguishing the "settlement privilege" of *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003) ; see *Tyco Healthcare Group LP v. E-Z-Em, Inc.*, 2010 WL 774878 (E.D. Tex. Mar. 2, 2010); *C&C Jewelry Mfg., Inc. v. West*, 2010 WL 3943673 (N.D. Cal. Oct. 7, 2010).